UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No. 3:08-885-JFA |
| ) | |
| v. ) | |
| ) | ORDER |
| TRAVIS LEON DAVIDSON ) | |
| ) | |
| _____) | |

The defendant has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has responded and moved to dismiss certain claims which it contends are not cognizable in a §2255 action. The government has also moved for summary judgment as to the remaining claims. After thoroughly reviewing the extensive record in this case, with which this court is well familiar, the court has determined that an evidentiary hearing is not necessary and that the government's motions should be granted in their entirety.

The present petition was filed on July 19, 2010 and is within the one-year time limitations set forth in 28 U.S.C. § 2255. The defendant has retained counsel in this action.

PROCEDURAL HISTORY

In September 2008, the Grand Jury for the District of South Carolina returned an indictment charging the defendant, along with three co-defendants, with attempt and conspiracy to commit mail fraud, and wire fraud in violation of federal law. The gist of the scheme was that the defendant and his co-defendants defrauded a payroll service company

1

by creating fictitious accounts for non-existent employees, then issued counterfeit checks drawn on the account of the payroll services company and deposited these checks in the fictitious employee accounts, thereafter withdrawing the money before the fraud could be detected.

In December 2008, the defendant pleaded guilty to Count 1 of the indictment pursuant to a written plea agreement. The agreement provided, among other things, for the government to move for a reduced sentence pursuant to United States Sentencing Guideline § 5K1.1, should the defendant provide substantial assistance to law enforcement officials. The agreement also called for a three-level reduction to the defendant's offense level due to his acceptance of responsibility. Finally, the plea agreement contained the often-used provision in this District providing for a waiver of appeal rights and claims under 28 U.S.C. § 2255, except for claims of ineffective assistance of counsel or prosecutorial misconduct.

After the plea was accepted, the court followed its standard procedure of allowing a reasonable time for a presentence report (PSR) to be prepared and disseminated to the parties, and thereafter provided the defendant with ample time within which to object to the PSR. Consummating the sentencing in this case proved to be a difficult undertaking. The court actually conducted three sentencing hearings. Because of the significant number of objections raised to the PSR by the defendant, time constraints prevented the court from completing the sentencing hearing on the first attempt. On the second attempt, the defendant did not appear, indicating to his counsel (who did appear) that the defendant's health would

not permit him to appear for sentencing on that particular date. At the third hearing, the court completed the sentencing process. In doing so, the court heard extensive argument by the defendant's counsel and carefully reviewed a twelve-page sentencing memorandum addressing a variety of issues. Ultimately, the court sentenced the defendant to 45 months imprisonment, three years of supervised release following imprisonment, a $100 special assessment, and $262,313 in restitution.

Following sentencing, the defendant filed a notice of appeal, notwithstanding the fact that he had entered into a plea agreement containing a partial waiver of his right to appeal. Appellate counsel, Joenathan Chaplin, was appointed to represent the defendant on appeal. Thereafter, the defendant filed a motion to dismiss his appeal, which included a statement signed by the defendant in which he affirmed it was his decision to dismiss the appeal.

As an initial proposition, it should be noted that the defendant suffers from multiple health issues, most attributable to his morbid obesity. These health issues necessitated numerous delays between the defendant's guilty plea and sentencing and were the subject of much debate and discussion at the sentencing hearing. At one point, the court directed the parties to inquire of the Federal Bureau of Prisons (BOP) to determine whether that agency would be able to accommodate the defendant's unique medical and physical situations. The court contemplated possibly delaying the defendant's reporting date so that gastric bypass surgery that had been discussed could be completed. However, the court ultimately decided against that course of conduct when it was learned that the BOP had responded that it was

3

fully equipped to handle all of the defendant's medical needs.[1]

Suffice it to say that by the time the court finally imposed its sentence in the defendant's case, the court was well aware of the sentences imposed on the co-defendants, the defendant's medical problems, and the ability of the BOP to handle these medical problems, and all other statutory and guideline sentencing factors that came into play at the defendant's sentencing.

## DISCUSSION

### *Claims Regarding Conditions of Confinement*

The government has moved to dismiss some of the defendant's claims, contending that they are not cognizable under § 2255. This court agrees. By its terms, 28 U.S.C. § 2255 applies only to claims where "the sentence imposed was in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The focus of a § 2255 motion, therefore, is on the legality of the sentence and the manner in which it was imposed rather than the manner in which the sentence is being carried out. Because of this clear statutory language, complaints about the execution of a sentence are not cognizable in a motion to vacate under § 2255. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).

---

[1] The court was somewhat perplexed to learn that, contrary to the court's initial impression, no surgery had been scheduled. Rather, a medical professional who had examined the defendant indicated that the surgery would probably be called for, but as of the date of the defendant's sentencing, no surgery had been set.

Based upon the foregoing, the following claims must be dismissed for failure to state a claim:

1. The defendant has been deprived of his CPAP machine while in prison;

2. Prison officials are "incapable" of pushing his wheelchair due to his weight and sexual orientation;

3. Prison officials refuse to pay other inmates to push the defendant's wheelchair;

4. Prisoner officials occasionally take away the defendant's wheelchair;

5. Due to items 2, 3, and 4 above, the defendant occasionally misses meals; and

6. The defendant has suffered sexual, physical, and financial abuse at the hands of the other inmates while in prison.

As the government points out, dismissal of these claims is without prejudice and should not be taken to suggest that the defendant does not have a civil remedy for his alleged claims. That remedy must be pursued, if at all, by way of a civil action, and not by way of a § 2255 motion.[2]

*Ineffective Assistance of Counsel Claims*

As to the remaining claims, which are properly before this court, the government has moved for summary judgment and the defendant has responded. It therefore appears that these issues are ripe for this court's review.

---

[2] Should the defendant bring these type claims against the BOP, the defendant is reminded that the Prison Litigation Reform Act (PLRA) requires a prisoner to properly exhaust available administrative remedies prior to an action challenging his conditions of confinement. 42 U.S.C. § 1997e(1) (2006); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

## STANDARD OF REVIEW

In order to prevail on an ineffective assistance claim, the defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-91. In examining the performance of counsel, there is a strong presumption that his or her conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Strickland*, 466 U.S. at 688-89.

In addition to showing ineffective representation, the defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). It is well-established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of

a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

As an initial proposition, it is the government's position that the remaining claims all involve issues that could have been raised on direct appeal, but were abandoned when the defendant filed his *pro se* motion to withdraw or dismiss the appeal. Because the claims have been couched in terms of ineffective assistance of counsel, however, it would appear to this court that the appeal waiver is not applicable to these claims. Nevertheless, careful review of the remaining claims yields the unescapable conclusion that the claims all lack merit and that summary judgment should be awarded to the government.

Distilled to their essence, the defendant's remaining two claims are based upon the assertion that defendant's trial counsel, Theresa M. Johns, was not aggressive enough in presenting defendant's unique medical condition to the court and in suggesting that the sentence the court imposed was in violation of the Eighth Amendment to the United States Constitution. As indicated above, this court has unique firsthand institutional knowledge of

7

the peculiar facts of this case and has little difficulty in concluding that, even viewing the facts in the light most favorable to the non-moving party (i.e., the defendant), no genuine issue of material facts exists for trial in this case.

Defendant's trial counsel vigorously urged that the defendant's unique medical conditions—which were well-documented orally and in writing at the sentencing hearing—necessitated a more lenient sentence. Moreover, this court did not disregard these urgings of defense counsel in a cavalier fashion, instead, delaying the sentencing on several occasions, inquiring of the BOP regarding its ability to treat the defendant's conditions, and requiring additional input from medical personnel who had assisted the defendant. In short, the sentencing hearing in this case was hotly contested, and the defendant's medical condition and all aspects of his sentence were thoroughly raised by defense counsel and debated at the sentencing hearing.

This court is at a loss to fathom what more defense counsel could have done to present the issues to this court at sentencing. Indeed, as the government points out in its memorandum, many of the arguments regarding the defendant's medical condition (contained in the memorandum in support of the motion presently before the court) appear to be verbatim extracts of passages from the sentencing memorandum filed by defendant's original counsel.

CONCLUSION

For all the foregoing reasons, the court has determined that as to the claims that are properly before this court under § 2255, there is no genuine issue of material fact present in the record, and summary judgment is appropriate.

The court hereby grants the government's motion to dismiss claims relating to the defendant's conditions of confinement, and grants summary judgment to the government on all remaining claims. The defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

April 13, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge